IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RONNELL TOMLINSON,**<br><br>    Plaintiff,<br><br>v.<br><br>**OHIO CIVIL RIGHTS COMMISSION,**<br><br>    Defendant. | Case No. 2:25-cv-1057<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Chelsey M. Vascura |

## DEFENDANT OHIO CIVIL RIGHTS COMMISSION'S MOTION TO DISMISS

Plaintiff Ronnell Tomlinson's claims under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, are barred by the immunity afforded to Defendant the Ohio Civil Rights Commission (the "OCRC") under the Eleventh Amendment of the United States Constitution. His Complaint also fails to state a claim for either failure to accommodate or retaliation under the ADA. Accordingly, the OCRC respectfully moves the Court to dismiss his Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Date: December 1, 2025

Respectfully submitted,

/s/ *Lindsey M. Woods*
Shawn J. Organ (0042052)
Lindsey M. Woods (0100079)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
lwoods@organlegal.com

*Special Counsel to Defendant Ohio Civil Rights Commission*

i

**MEMORANDUM IN SUPPORT**

Plaintiff's ADA claims cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because the OCRC is entitled to sovereign immunity under the Eleventh Amendment.  Further, the Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) for either failure to accommodate or retaliation under the ADA.  The facts as Plaintiff alleges them make clear that the OCRC engaged Plaintiff in a thorough interactive process, as required by the ADA, but that Plaintiff caused a breakdown in that process, despite the OCRC giving him ample time to do so.  Plaintiff's failure to engage in this process is fatal to his failure to accommodate claim.  *See, e.g.*, *Wilson v. Ohio Dep't of Mental Health & Addiction Servs.,* 704 F.Supp.3d 820, 837 (S.D. Ohio 2023) (holding that where Plaintiff "herself who caused a breakdown in the interactive process," she could not maintain a claim for failure to accommodate under the ADA).  To the extent Plaintiff claims that the OCRC retaliated under the ADA by noticing a hearing for involuntary disability separation, that claim is also precluded under the Eleventh Amendment and because he fails to state a claim.  To state a claim for retaliation under the ADA, Plaintiff must show that the OCRC took an adverse action against him.  But as this Court has repeatedly held, noticing a hearing is not an adverse employment action.  *See, e.g.*, *Spence v. Potter,* No. 1:07-cv-526, 2011 WL 249479, *4 (S.D. Ohio, Jan. 26, 2011).  Accordingly, all of the claims in Plaintiff's Complaint must be dismissed.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of an action when a court lacks subject matter jurisdiction over the claims asserted.  Subject matter jurisdiction "involves a court's power to hear a case … ."  *Arrambide v. Hudson,* No. 1:08-cv-0065, 2010 WL 3463501, *7 (S.D. Ohio July 23, 2010) (quoting *U.S. v. Cotton,* 535 U.S. 625 (2002)).  A defendant may attack a court's subject matter jurisdiction at any time.  *Id.*  Where the motion presents a facial

1

jurisdictional attack, the court accepts material allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974)). "When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College,* 318 F.3d 674 (6th Cir. 2003) (citations omitted). The court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of a plaintiff's claims on the merits. *Bell v. Hood,* 327 U.S. 678, 682 (1946).

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss an action that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court "must take all factual allegations in the complaint as true," but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Further, "a court may consider … exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

II. **FACTS ALLEGED IN COMPLAINT**

Plaintiff has alleged that the OCRC violated the ADA "by failing to continue in the interactive dialogue process," denying Plaintiff's accommodation request, and seeking involuntary disability separation. (Compl. ¶ 59). Plaintiff has not alleged any state-law claims. (*See generally, id.*). Plaintiff's ADA claims are stated against "Defendant State of Ohio" which

2

"created and operates the Ohio Civil Rights Commission ("OCRC") as a state agency[.]" (*Id.* at ¶ 9).

The OCRC denies that it has violated the ADA and some of Plaintiff's factual allegations, but given that the Court must construe all factual allegations as true in deciding a motion to dismiss, the OCRC will recite the facts here as alleged in the Complaint.

Plaintiff is a longtime employee of the OCRC. (*Id.* at ¶ 8). In or around February 2023, Plaintiff started experiencing high blood pressure, elevated blood sugar levels, trouble sleeping, anxiety, and depression. (*Id.* at ¶¶ 25-28). On February 23, 2023, Plaintiff requested an accommodation to work from home full-time from February 27, 2023, through March 31, 2023. (*Id.* at ¶¶ 30-31). He subsequently submitted another accommodation request to work from home full-time "for eight to nine months." (*Id.* at ¶ 34).

The OCRC's ADA Coordinator, Denise Johnson, exchanged several emails with Plaintiff about his requests. (*Id.* at ¶ 36). The Complaint quotes two emails from Coordinator Johnson— one from March 9, 2023, and one from March 13, 2023.[1] (*Id.* at ¶¶ 37-38). As these emails are not only referenced in the Complaint, but directly quoted—and are part of the interactive process that is central to Plaintiff's failure to accommodate claim—Defendant has attached the emails as **Exhibit 1** for the Court's reference.

On March 9, 2023, Coordinator Johnson asked Plaintiff to clarify whether he was requesting an accommodation of 30 days or one year. (Compl. at ¶ 37; Ex. 1 at 3). In that same email, Coordinator Johnson also clarified that she needed additional information about an answer Plaintiff had provided in his request stating that "[w]orking from home allows me the

---

[1] The Complaint avers the second email was from March 13, 2024, but based on the quoted language in the Complaint, it appears this is a typographical error and that the referenced email was indeed from March 13, 2023.

3

opportunity to be in a safe environment conductive to reducing my anxiety and depression." (Ex. 1 at 3). Neither the Complaint nor Exhibit 1 contain a response to this request. On March 13, 2023, Coordinator Johnson proposed, based on the information Plaintiff had provided, an alternative reasonable accommodation of removing the issue that was causing Plaintiff to feel that the office was not a safe environment. (Compl. ¶ 38; Ex. 1 at 1) ("Therefore I am asking that you consult with your medical provider to respond to whether or not my offer would be an effective alternative reasonable accommodation: the removal of the safety issue that creates a barrier to you being able to safety and substantially perform the essential functions of your job at 30 E. Broad St."). She asked him to provide a response by the next week. The Complaint states that "Plaintiff was advised that he needed to respond to questions asked in the email by March 20, 2023," but the email itself asks for a response "no later than Monday March 19, 2023." (Compl. ¶ 39; Ex. 1 at 1).

Plaintiff admits that he "was unable to respond to questions posed by the deadline[.]" (Compl. ¶ 42). The Complaint provides further context that he experienced a tragic fire at his residence before he could respond. (*Id.* at ¶ 40).

On April 4, 2023, three weeks after Coordinator Johnson proposed the alternative accommodation, the OCRC notified Plaintiff that it was denying his request to work-from-home for eight to nine months. (*See id.* at ¶ 42).

Plaintiff then notified the OCRC that he intended to appeal the denial. (*Id.* at ¶ 45). Approximately four weeks later, Plaintiff received an email from the OCRC's General Counsel regarding the appeal. (*Id.* at ¶ 44). Nearly three weeks after that, the OCRC reached out again to discuss to the appeal on May 16, 2023. (*Id.* at ¶ 46). Plaintiff advised the OCRC "that he was

4

unable to participate in a meaningful discussion at that time, based on his physician's advice." (*Id.*). Ultimately, the OCRC dismissed the appeal. (*Id.* at ¶ 47).

In total, Plaintiff had at least 10 weeks to engage in the interactive process, between Coordinator Johnson's email on May 10, 2023, until the OCRC reached out about the appeal a second time on May 16, 2023.

Plaintiff subsequently took FMLA leave and remained on leave until his FMLA was exhausted. (*Id.*). On November 16, 2023, Plaintiff was advised that the OCRC was going to conduct an involuntary disability separation hearing on November 21, 2023. (*Id.* at ¶ 49). In lieu of the hearing, however, Plaintiff requested a voluntary disability separation, which allowed him to remain eligible for reinstatement for up to two years. (*Id.* at ¶ 50). The Complaint does not allege that the hearing took place or that the OCRC pursued involuntary disability separation further, other than setting a date for a hearing.

### III.   **LAW & ARGUMENT**

The OCRC is immune from Plaintiff's ADA claims under the Eleventh Amendment. Further, Plaintiff has failed to state a claim for failure to accommodate under the ADA. The OCRC fulfilled its ADA obligations by engaging Plaintiff in a thorough interactive process, proposing a reasonable alternative accommodation, and giving Plaintiff ample opportunity to respond to the OCRC's requests for additional information.

To the extent Plaintiff is also alleging that the OCRC violated the ADA by initiating involuntary disability separation proceedings, that claim is also barred by the Eleventh Amendment. Further, as this Court has made clear, setting a hearing is not an adverse action and cannot sustain an ADA retaliation claim. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

5

### A.     The Eleventh Amendment Bars All of Plaintiff's Claims.

Plaintiff has clearly alleged a failure to accommodate claim under Title I of the ADA, and appears to attempt to state a claim for retaliation under the ADA. Both claims are clearly barred by the Eleventh Amendment. *Stanley v. W. Michigan Univ.,* 105 F.4th 856, 864-66 (6th Cir. 2024) (holding that both failure to accommodate claims and retaliation claims under the ADA are barred as to state entities under the Eleventh Amendment's grant of sovereign immunity). The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. CONST. amend, VI. This Constitutional proclamation acts as a jurisdictional bar that precludes lawsuits against a State or one of its departments or agencies in federal court, with a few limited exceptions not applicable in this case. *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 360 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). The Sixth Circuit has applied Eleventh Amendment immunity to claims under the ADA for both failure to accommodate and retaliation. *Stanley,* 105 F.4th 864-66 (affirming dismissal of plaintiff's failure to accommodate and retaliation claims under the ADA against state university).

As an initial matter, this case involves the OCRC, a state entity, being sued in federal court, and thus falls within the purview of the Eleventh Amendment. Plaintiff's Complaint here states only one cause of action: "**Violation of the Americans with Disabilities Act**." (Compl., ¶ V(A)) (emphasis in original heading). The substance of the claim is that the OCRC violated the ADA "by failing to continue in the interactive dialogue process and denying Plaintiff's requested reasonable accommodations." (*Id.* at ¶ 59). This is a classic failure to accommodate claim. Both the U.S. Supreme Court and the Sixth Circuit have unequivocally held that failure to

6

accommodate claims under the ADA brought in federal court against state entities are barred by the Eleventh Amendment. *Garrett,* 531 U.S. at 360; *Stanley,* 105 F.4d 864. Thus, Plaintiff's failure to accommodate must be dismissed, as Defendant is entitled to sovereign immunity under the Eleventh Amendment.

The Complaint also goes on to allege that the OCRC violated the ADA by "seeking Plaintiff's involuntary disability separation." (Compl. ¶ 59). Plaintiff does not use the word "retaliation," but to the extent he is alleging that the OCRC retaliated against him by seeking involuntary disability separation after he requested a reasonable accommodation, that claim is also precluded by the Eleventh Amendment. Unlike failure to accommodate claims, which arise under Title I of the ADA, retaliation claims arise under Title V. In *Stanley,* the Sixth Circuit examined the exact question presented here: "whether the States are entitled to immunity from claims brought under Title V of the ADA." *Stanley* at 865. The Court held in the affirmative. "Our holding flows naturally from *Garrett*: if Congress did not validly abrogate Eleventh Amendment immunity for Title I claims, then it also did not abrogate Eleventh Amendment immunity for a claim under Title V alleging retaliation for a Title I claim." *Id.* at 866. Thus, to the extent Plaintiff alleges ADA retaliation, that claim must also be dismissed based on the Eleventh Amendment's grant of sovereign immunity to Defendant.

**B. Plaintiff Cannot State a Claim for Failure to Accommodate Because He Caused a Breakdown in the Interactive Process.**

Dismissal is appropriate solely on the basis of sovereign immunity, but also because Plaintiff's Complaint simply fails to state a claim for failure to accommodate under the ADA. When an employee requests an ADA accommodation, the employer has a duty to engage in an interactive process to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Melange v. City of Center*

7

*Line*, 482 Fed.App'x 81, 84 (6th Cir. 2012) (citations omitted). An employer does ***not*** have a duty to provide the exact accommodation that an employee requests. *West v. Sec'y of Veterans Affairs*, No. 3:22-cv-292, 2024 WL 2132418, *5 (S.D. Ohio, May 13, 2024). If the Plaintiff causes a breakdown in the interactive process, he cannot maintain a failure to accommodate claim. *Wilson v. Ohio Dep't of Mental Health & Addiction Servs.*, 704 F. Supp.3d 820, 837 (S.D. Ohio 2023) ("It was Wilson herself who caused a breakdown in the interactive process, so there is no genuine dispute of material fact that the Department did not fail to accommodate Wilson in March 2018."); *see also, West*, 2024 WL 2132418, *6 (granting summary judgment to employer where employee "'refused to engage in the interactive process as outlined by Defendant because she did not pursue her accommodation application'") (quoting *id.*); *Linebarger v. Honda of Am. Mfg., Inc.,* 870 F.Supp.2d 513, 521-22 (S.D. Ohio 2012) ("To the extent there was a breakdown in the interactive process, it was not caused by Defendant failing to act in good faith. Defendant repeatedly communicated with Plaintiff regarding his restrictions, and it developed accommodations that were reasonably consistent with the medical evidence that Plaintiff had submitted, including his treating physician's assessment of his limitations."). Defendant acknowledges that the preceding cases were all decided on summary judgment, rather than a motion to dismiss. However, in this case, the allegations in Plaintiff's Complaint, taken as true and construed in the light most favorable to the Plaintiff, are sufficient to show that Plaintiff caused a breakdown in the interactive process with the OCRC.

Taking Plaintiff's allegations as true, Coordinator Johnson engaged Plaintiff in an extensive interactive process *via* email in March 2023. (*Id.* at ¶¶ 36-39). Specifically, she asked him to clarify the length of his requested accommodation and offered an alternative accommodation of removing the workplace barrier that was making him feel unsafe at the office.

8

(*Id.*). She asked him to respond to her emails by March 20, 2023. (*Id.* at ¶ 39). Plaintiff admits he did not respond to these emails. (*Id.* at ¶ 42) ("he was unable to respond to the questions posed by the deadline … ."). In fact, he admits that the OCRC did not deny his requested accommodation until April 4, 2023—more than two weeks after the requested deadline. (*Id.* at ¶ 42).

Additionally, the Complaint goes on to admit that Plaintiff notified the OCRC of his intent to appeal the denial. (*Id.* at ¶ 43). Plaintiff then told the OCRC that "he was unable to participate in a meaningful discussion [regarding the appeal] at that time, based on his physician's advice." (*Id.* at ¶ 46). This was on or around May 26, 2023—more than two months after the OCRC has asked him to respond to its proposed accommodation, and more than three weeks after the OCRC notified him that it had denied his request. (*Id.*). Plaintiff then took FMLA leave for several months. (*Id.* at ¶ 47).

The OCRC is sympathetic to the fact that the Plaintiff experienced a catastrophic fire around the time that the interactive process was ongoing. (*Id.* at ¶ 40). Plaintiff was given more than two additional weeks to re-engage in the interactive process after the stated deadline, and he took FMLA leave after his request was denied. (*See id.* at ¶ 42, 47). He was also given more than a month to engage in further interactive dialogue while the OCRC was considering his appeal. (*Id.* at ¶ 46). Ultimately, the OCRC gave him ample time to engage in the process.

These facts, taken as true, show that Plaintiff failed to engage with the OCRC in the interactive process, which precludes his failure to accommodate claim. He was given ample time to respond to the OCRC's questions and proposed accommodation, but he failed to do so. All in all, between the email on March 13, 2023, asking for additional information related to his request, and the May 16, 2023, email asking Plaintiff to discuss his appeal, the OCRC afforded

9

Plaintiff more than two months to respond to its proposed accommodation. He admits he did not. In short, even taking Plaintiff's allegations as true, the OCRC did everything that was required of it under the ADA, and Plaintiff has failed to state a claim for failure to accommodate.

### C. Plaintiff Cannot State a Claim for ADA Retaliation Because Setting an Involuntary Separation Hearing Is Not an Adverse Employment Action.

Any claim for retaliation under the ADA, in addition to being precluded under the Eleventh Amendment, must also be dismissed for failure to state a claim.

Although Plaintiff does not specifically state a claim for ADA retaliation, he does allege that Defendant violated the ADA by "seeking Plaintiff's involuntary disability separation." (Compl. ¶ 59). To the extent Plaintiff intends to allege a retaliation claim under the ADA, that claim fails for want of an adverse employment action.

To state a prima facie case for ADA retaliation, a Plaintiff must show, among other elements, that "the employer took an adverse employment action against the plaintiff[.]" *Sharp v. Waste Mgmt., Inc.*, 47 F. Supp.3d 584, 600 (S.D. Ohio 2014) (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014)). This Court has been clear that "the scheduling of a pre-disciplinary hearing that never occurred, cannot reasonably be seen to be [a] materially adverse action[]." *Spence v. Potter*, No. 1:07-cv-526, 2011 WL 249479, *4 (S.D. Ohio, Jan. 26, 2011); *see also Walborn v. Erie County Care Facility,* 150 F.3d 584, 590 (6th Cir. 1998) (finding no adverse employment action where hearing was cancelled).

The only allegation Plaintiff makes here is that the OCRC set an involuntary disability separation hearing for November 21, 2023. (Compl. ¶ 49). The Complaint does not allege that a hearing took place, and none did. Instead, Plaintiff requested, and was approved for, voluntary disability separation, making him eligible for reinstatement for up to two years. (*Id.* at ¶ 50-51). Thus, there was no adverse employment action sufficient to state a claim for ADA retaliation.

10

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully moves the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: December 1, 2025

Respectfully submitted,

/s/ *Lindsey M. Woods*
Shawn J. Organ (0042052)
Lindsey M. Woods (0100079)
**Organ Law LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organlegal.com
lwoods@organlegal.com

*Special Counsel to Defendant Ohio Civil Rights Commission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 1, 2025, a true and accurate copy of the foregoing was served *via* the Court's electronic filing system on the following:

Helen M. Robinson, Esq.
John S. Marshall, Esq.
Edward R. Forman, Esq.
Samuel M. Schlein, Esq.
Madeline J. Rettig, Esq.
MARSHALL AND FORMAN LLC
250 Civic Center Dr., Suite 480
Columbus, OH 43215-5296
(614) 463-9790
(614) 463-9780 (f)
hrobinson@marshallforman.com
jmarshall@marshallforman.com
eforman@marshallforman.com
sschlein@marshallforman.com
mrettig@marshallforman.com

Louis A. Jacobs, Esq.
Of Counsel
117 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
(510) 250-9007 (f)
lajohio@aol.com

*Attorneys for Plaintiff Ronnell Tomlinson*

    /s/ *Lindsey M. Woods*
*Special Counsel to Defendant Ohio Civil Rights Commission*